DeAnne Casperson, Esq. – ISB No. 6698
Amanda E. Ulrich, Esq. – ISB No. 7986
Ryan S. Dustin, Esq. – ISB No. 8683
Casperson Ulrich Dustin PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone (208) 524-0566
Facsimile (208) 745-2523
dcasperson@workandwage.com
aulrich@workandwage.com
ryandustin@workandwage.com

Attorneys for Plaintiff

David P. Gardner – ISB No. 5350
Hawley Troxell Ennis & Hawley LLP
412 West Center Street, Suite 2000
Pocatello, ID 83204
Telephone (208) 233-2001
Facsimile (208) 232-0150
dgardner@hawleytroxell.com
56729-0014

Attorneys for Defendants CoreBrace, LLC, and SME Industries, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICE JOHN,<br><br>Plaintiff,<br><br>vs.<br><br>CORE BRACE, LLC, a Utah limited liability company, and SME INDUSTRIES, INC., a Nevada corporation, d/b/a CORE BRACE,<br><br>Defendants. | Civil No. 4:20-CV-00071-BLW<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 1**

COME NOW Plaintiff, Maurice John, and Defendants, CoreBrace, LLC, and SME Industries, Inc. ("Defendants"), through their respective attorneys, and hereby stipulate and agree to the entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c).

WHEREAS, some of the parties to this suit have taken the position that the documents which must be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) and that will be produced in discovery may constitute confidential and/or sensitive information; and

WHEREAS, the parties to this suit agree that the confidentiality of certain documents furnished must be protected;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, the aforementioned parties agree that the initial disclosures and discovery productions shall be subject to the following limitations and that the Court may enter an order as follows:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information.

2. Documents and information protected by this Order shall include: (1) documents relating to current and former employees of Defendants not a party to this action that the producing party reasonably believes to be confidential in nature, including documents that contain personnel or other information that a reasonable person would believe to be private in nature; (2) confidential and proprietary information relating to the business of Defendants, including but not limited to nonpublic confidential technical, commercial, financial, or business information, such as CoreBrace's product and manufacturing process; and (3) personal financial, medical, or other sensitive information relating to Plaintiff ("Confidential Materials" and marked with the word "Confidential").

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 2**

3. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials shall also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts, or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Materials or information contained therein.

4. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.  This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

5. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

6. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 3**

transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

7. Upon the written request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

8. In the event a party seeks to file any confidential information subject to protection under this Order with the court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with Dist. Idaho Loc. Civ. R. 5.3.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 4**

56729.0014.13189282.1

9. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

    f. The authors and the original recipients of the documents.

    g. Any court reporter or videographer reporting a deposition.

    h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

    i. Interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel,

and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone.

j. Any other person agreed to in writing by the parties.

10. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the Confidential Materials as proscribed in this Order.

11. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 9(c), 9(i), or 9(j) shall be advised that the confidential information is being disclosed pursuant to and subject to the terms of this Protective Order.

12. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pretrial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 9, as appropriate, for that portion of the deposition, hearing or pretrial proceeding.

13. The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Materials to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in paragraph 8 or as otherwise commanded by law or provided in this Order.

14. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 6**

any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute.  Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

15. The parties agree that claims of privilege or any assertion of waiver of a claim of privilege shall be governed pursuant to the terms of Rule 502 of the Federal Rules of Evidence, that any inadvertent disclosure of privileged information or materials shall not be deemed a waiver of privilege, that any privilege or protection is not waived by disclosure connected with this litigation, and any such disclosure in this litigation is also not a waiver in any other federal or state proceeding.

16. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

17. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

18. Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.  Neither party may introduce into evidence in any proceeding

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 7**

between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

19. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

20. Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure.  Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials.  If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Materials, then a party may petition the Court for a determination of these issues.  In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

21. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED this 25th day of September, 2020.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By /s/
Jetta Hatch Mathews – Of the Firm

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 8**

                                      Attorneys for Defendants CoreBrace, LLC, and SME Industries, Inc.

DATED this 29th day of September, 2020.

                                      CASPERSON ULRICH DUSTIN, PLLC

                                      By /s/_____
                                      Amanda E. Ulrich, Esq.
                                      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of September, 2020, I filed the foregoing **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David P. Gardner
Jetta Hatch Mathews
HAWLEY TROXELL ENNIS
    & HAWLEY, LLP
412 West Center Street, Suite 2000
Pocatello, Idaho 83201
Email: dgardener@hawleytroxell.com
      jmathews@hawleytroxell.com

    /s/
Amanda E. Ulrich

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER - 10**

56729.0014.13189282.1