DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
ryandustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICE JOHN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CORE BRACE, LLC, a Utah Limited Liability Company; SME INDUSTRIES, INC., a Nevada Corporation, doing business as CORE BRACE,<br><br>　　　　　　Defendants. | Case No. 4:20-cv-00071-BLW<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT SUMMARY JUDGMENT RECORD** |

COMES NOW Plaintiff Maurice John ("John" or "Plaintiff"), by and through his counsel of record Casperson Ulrich Dustin PLLC, and submits this Reply Memorandum in Support of Motion for Leave to Supplement Summary Judgment Record.

**I. ARGUMENT**

Defendants CoreBrace, LLC and SME Industries Inc. (collectively "Defendants") argue that Plaintiff should not be permitted to supplement the record on summary judgment with the Pompa Declaration because it is allegedly inadmissible hearsay, and because Defendants claim Plaintiff should have been able to discern that Pompa, for whom Plaintiff had no contact information, knew

1 -   REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT SUMMARY
    JUDGMENT RECORD

all of the information detailed in his declaration, and therefore should have discovered and disclosed this information while discovery was still open. Certainly, it would have been wonderful to have Pompa's statement before discovery closed and before summary judgment. Plaintiff had no motivation to withhold that information if he had it, knew it, or suspected it. A chance run in with Pompa led to Plaintiff's discovery, for the first time, that Pompa had this relevant knowledge. However, the reality is that Pompa was in Defendants' custody and control, and was a management level employee with Defendants through June 2020. If Defendants chose not to ask their management level employees about their knowledge, that was Defendants' choice, and a failure on Defendants' part to properly identify parties in their Initial Disclosures and in response to Plaintiff's discovery requests. If anything, any alleged prejudice from the Pompa declaration is prejudice of Defendants have brought on themselves. The Court should grant Plaintiff's Motion for Leave to Supplement Summary Judgment Record.

**A.    The Pompa Declaration is Not Inadmissible Hearsay**

Defendants assert that "Mr. Pompa's declaration is hearsay – a statement that the declarant does not make while testifying at the current hearing, which is being used to prove the truth of the matters asserted." Dkt. 30 at 2. Defendants' claim that Pompa's statements are for the truth of the matter asserted is untrue. Pompa asserted he heard others, including Jacob Schnobrich, say the n-word. He also claims to have heard Schnobrich call Plaintiff a "silly [n-word]." None of these statements are for the purpose of establishing that John, or any other employee is a n-word or a "silly [n-word]." Similarly, Plaintiff is not using Nic Loertscher's statements, calling John "boy," for the truth. The statements are for purposes of notice. As a result, there is no hearsay issue.

In addition, Pompa testified that he was a lead for Defendants until June 2020, and that the incidents described in his declaration occurred while he was at work performing his job duties.

2 -    REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT SUMMARY JUDGMENT RECORD

Consequently, the statements he made are not hearsay, but fall under Rule 801(d)(2)(D), which provides a statement is not hearsay if "[t]he statement is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Because the statements are not hearsay or they fall under Rule 801(d)(2)(D), the Pompa Declaration is not hearsay, and is admissible.

**B.      Pompa was a Management Employee in Defendants' Custody and Control During this Litigation and Defendants Should Have Disclosed the Information He Had to Plaintiff**

Though Defendants attempt to put blame on Plaintiff for not obtaining information from Pompa until a month ago, Plaintiff was lucky to come by that information at all, given that it only came about because Plaintiff happened to run into Pompa at a gas station in Pocatello. Again, Pompa was a management level employee, who supervised the paint department on the night shift, working with both Nic Loertscher and Jacob Schnobrich. The information Pompa had would have been available from at least Schnobrich, if not Loertscher. Defendants had ready access to Loertscher, Schnobrich, and Pompa, through at least June 2020, although Defendants would have been in possession of Pompa's personnel file and would have been able to reach out to him at any time thereafter using his contact information. Just because Plaintiff asked for contact information of several coworkers who did not treat him as a second-class citizen does not equate to having or even believing that Pompa had knowledge relevant to this matter. Further, Plaintiff's counsel had no reason to believe "joe" had relevant knowledge, and certainly no motivation to delay disclosing it. Defendants could have sought Pompa out after receiving Plaintiff's text message production in discovery, having a much greater ability to figure out whether "joe" potentially had relevant information. Again, apparently Defendants chose not to. Plaintiff supplemented with the Pompa Declaration as soon as was reasonably practicable, and within two weeks of Plaintiff running into

Pompa.

Further, Defendants' counsel asked Plaintiff what employees from Core Brace Plaintiff had talked to in his deposition, and he identified Cody and Noah. (Dkt. 20-3 at 31-32). Plaintiff did not identify Joe because he had not spoken to him and did not know of his relevant knowledge. Further, Defendants' counsel went to Core Brace and spoke to employees. (Dkt. 20-3 at 31). On one occasion in the deposition, Plaintiff did mention a "Joe." (Dkt. 2-3 at 59), and Defendants' counsel ask no follow up about the identity of "Joe." It certainly appeared as if Joe was known and no surprise as to his identity. Finally, Defendants have never requested to depose Cody, Noah, or Michael (another potential witness identified after Plaintiff randomly crossed paths with him around town), and never requested or asked for a follow-up deposition of Plaintiff. Defendants' alleged prejudice from a witness known to them is without support.

There is no basis to deny Plaintiff's motion for leave to supplement the record under Rule 37(c)(1). Rule 37 requires exclusion of a previously undisclosed witness unless the failure to disclose was "substantially justified or harmless." Admittedly, Pompa's testimony is hurtful to Defendants. Indeed, it confirms a company culture, not just among lower-level employees, but management-level employees, of racial animus and harassment. However, such information should have been disclosed by Defendants in the first place, since Defendants had access to Pompa during his employment with Defendants, and had contact information for him after he resigned. Plaintiff was not aware of the information Pompa provided until March 26, 2021, and therefore, had no reason to know Pompa had relevant knowledge previously. Further, Pompa did not execute his declaration until April 9, 2021, and Plaintiff disclosed and filed the Pompa Declaration that day. *See* Dkt. 28-1. Consequently, Plaintiff's disclosure of Pompa and his declaration on April 9, 2021, was substantially justified, and therefore not barred by Rule 37(c)(1).

Likewise, the declaration is not barred by Local Rule 7.1. Unlike *EEOC v. Peabody Western Coal Co.,* cited by Defendants to support its position, here, Plaintiff could not have submitted the evidence from Pompa earlier because, quite simply, Plaintiff did not have it or know of it. *Compare* 773 F.3d 977, 990 (9th Cir. 2014). Moreover, Plaintiff's filing of the Pompa Declaration is entirely different than Defendants' filing of new evidence on reply, as Defendants were in possession of such evidence at the time it filed its Motion for Summary Judgment, while Plaintiff did not know of the information Pompa had until April 26, 2021, and filed the Pompa Declaration the same day it was executed and received. *See* Dkt. 28-1. The Court should grant Plaintiff's Motion for Leave to Supplement Summary Judgment Record.

## II. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant his Motion for Leave to File to Supplement Summary Judgment Record.

Dated this 11th day of May, 2021.        /s/
                                         Amanda E. Ulrich
                                         CASPERSON ULRICH DUSTIN PLLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2021, I filed the foregoing electronically through the CM/ECF system, which causes the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**DOCUMENT SERVED:** REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT SUMMARY JUDGMENT RECORD

**ATTORNEYS SERVED:**

David P. Gardner
HAWLEY TROXELL ENNIS
    & HAWLEY, LLP
412 West Center Street, Suite 2000
Pocatello, Idaho 83201
Facsimile: (208) 232-0150
Email: dgardener@hawleytroxell.com

/s/
Amanda E. Ulrich, Esq.
CASPERSON ULRICH DUSTIN PLLC

C:\Users\Dana\Casperson Ulrich Dustin PLLC\Casperson Ulrich Dustin PLLC Team Site - Documents\Active Cases\John, Maurice\Pleadings\Leave.REPLY.wpd